NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*

*v.*

RONALD JOEL SUMMERS, *Appellant*.

No. 1 CA-CR 13-0572
FILED 07-08-2014

Appeal from the Superior Court in Maricopa County
CR2011-155267-001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Stephen J. Whelihan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

¶1　　　　Ronald Joel Summers appeals his conviction and sentence for aggravated assault. Counsel for Summers filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the record on appeal, he was unable to find any arguable grounds for reversal, although he does direct us to three statements the prosecutor made during closing argument. Summers was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2　　　　Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Summers. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). Finding no reversible error, we affirm.

¶3　　　　In November 2011, the State charged Summers with one count of aggravated assault, a class 3 dangerous felony, in violation of Arizona Revised Statutes section 13-1204 and -704. The following evidence was introduced at trial.

¶4　　　　In the late evening of October 25, 2011, J.D. returned home to his second-floor apartment. When J.D. opened the front door, his girlfriend, C.B., began yelling at him for returning home late. J.D. and C.B. then commenced a loud, profanity-laced argument on the outside patio adjacent to their apartment. As their argument progressed, Summers, a resident of the apartment directly below, walked midway up the flight of stairs leading to the second-floor and shouted for J.D. and C.B. to "take [their fight] somewhere else." J.D. and C.B. responded to Summers angrily and he proceeded to the top of the stairs. C.B. moved between J.D. and Summers, hoping to avert a physical altercation. Notwithstanding C.B.'s efforts, J.D. punched and kicked Summers.

¶5        Summers then raced down the stairs to his apartment and quickly returned. C.B. saw Summers holding a knife and yelled "he has a knife, he has a knife." J.D. punched Summers again and then Summers struck J.D. and ran back to his apartment. Initially, J.D. believed Summers had punched him in the arm. He quickly discovered, however, he had been stabbed and was bleeding profusely from a large "hole" in his arm. A neighbor contacted the police and J.D.'s injury was treated at the hospital.

¶6        Following a three-day trial, a jury convicted Summers as charged. At the sentencing hearing, the trial court found that Summers had "at least 4 prior felony convictions" and sentenced him to a minimum ten-year term of imprisonment with 177 days presentence incarceration credit. Summers timely appealed.

¶7        Defense counsel's *Anders* brief points to three statements by the prosecutor during closing argument that "insinuated" Summers has "a violent character." Summers did not object to any alleged misconduct, and we therefore review only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* ¶ 20. On a claim of prosecutorial misconduct, "a defendant must demonstrate that the prosecutor's misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Harrod*, 219 Ariz. 268, 278, ¶ 35, 183 P.3d 519, 529 (2008). Given the wide latitude prosecutors have in presenting their closing arguments to the jury, *see State v. Corner*, 165 Ariz. 413, 426, 799 P.2d 333, 346 (1990), "[w]e will not reverse a conviction because of a prosecutor's improper comments during closing argument unless there is a reasonable likelihood that the misconduct could have affected the jury's verdict." *State v. Edmisten*, 220 Ariz. 517, 524, ¶ 23, 207 P.3d 770, 777 (App. 2009) (internal citations omitted).

¶8        Our review of the record does not reveal any prosecutorial misconduct. First, the prosecutor commenced his closing argument by stating: "This is a case about this defendant's rage and the way that he handles situations when he gets angry, when he feels that he's been disrespected, or someone isn't scared of him. That's what this case is about." Although the prosecutor's statement may be interpreted more broadly, the prosecutor did not argue that this particular incident was part of a larger pattern of violent behavior and, in context we conclude the argument was within the wide latitude afforded prosecutors. Second, in

describing the knives found in Summer's kitchen by the officer who searched his apartment, the prosecutor stated some drawers had "a couple folding tactical knives." During that officer's trial testimony, the prosecutor asked whether a kitchen drawer had "tactical-type folding knives" and the officer responded: "I wouldn't say tactical, just like folding knives." Although the prosecutor mischaracterized the knives found in the drawer, he correctly noted that the knife C.B. saw Summers holding before he stabbed J.D. was a basic "kitchen knife" and accurately stated that the officer found numerous "kitchen knives" in Summer's apartment. Finally, the prosecutor stated that Summers "believes that he has the right to yell at people, and if somebody disrespects him, he can escalate that situation tenfold. He can use a knife. He can go confront him at his house using that knife . . . [t]hat's what he believes. That's not the law. That's not how law-abiding citizens . . . are allowed to act or people should have that expectation of acting. That's illegal." We conclude this argument fell within the wide latitude afforded prosecutors during closing argument.

¶9            We have searched the entire record for reversible error and find none. All of the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The record shows Summers was present and represented by counsel at all pertinent stages of the proceedings, was afforded the opportunity to speak before sentencing, and the sentence imposed was within statutory limits. Accordingly, we affirm Summers' conviction and sentence.

¶10            Upon the filing of this decision, counsel shall inform Summers of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Summers shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh